UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| STEPHANIE RANA CARTER | ) | CASE: A23-59655-JWC |
| | ) | |
| | ) | |
| DEBTOR | ) | |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Meeting of Creditors was conducted virtually in this case. Without in-person contact, the Chapter 13 Trustee has requested that the Debtor complete and file a completed and signed Debtor Questionnaire on the docket prior to the Meeting of Creditors. The Debtor has failed to file the questionnaire. The Chapter 13 Trustee requests that the Debtor immediately file with the Bankruptcy Court a completed and signed questionnaire. A copy of this form can be found on the Trustee's website www.njwtrustee.com.

2.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

3.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate tax returns have not been filed for the period(s) ending December 31, 2017 through December 31, 2018; and December 31, 2021 through December 31, 2022. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

4.

The Debtor has failed to file tax returns with the Internal Revenue Service for the four (4) year period prior to filing in violation of 11 U.S.C. Section 1308.

5.

The Debtor has failed to provide to the Trustee a copy of the amended 2022 tax return or replacement return filed with the Internal Revenue Service reflecting the correct filing status and refund or amount owed, in violation of 11 U.S.C. Section 521(e)(2)(A).

6.

The plan fails to treat the secured claim of the Georgia Department of Revenue and provide interest as required under applicable non-bankruptcy law, in violation of 11 U.S.C. Section 1322(a)(3), 11 U.S.C. Section 502(a) and/or 11 U.S.C. Section 511(a).

7.

The Trustee requests proof of the Debtor's income, in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

8.

The Trustee requests information about the pre-petition transfer of the Debtor's 1/4 interest in real property on Baker Street in Atlanta, Georgia, including the date of the transfer, the fair market value of the property at the time of the transfer, and the amount of consideration received by the Debtor in exchange for the transfer, in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

9.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments in the amount of $951.00 and $538.00 per month, in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

10.

Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the Debtor's current financial situation, thereby preventing the Trustee from evaluating feasibility. 11 U.S.C. Section 1325(a)(6). Specifically, the Debtor has new employment with First Step Atlanta in July 2023.

11.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, the Debtor has re-applied for food stamps and it has not yet been determined if that income will continue.

12.

The Chapter 13 plan proposes to pay $5250.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

13.

The Chapter 13 plan proposes for the Trustee to disburse attorney fees; however, the Trustee is unable to administer the provision as it is currently written. Specifically, the plan fails to state the monthly set payment for attorney fees.

14.

The Debtor's Chapter 13 plan fails to check the appropriate box in Section 2.3. The Trustee is unable to administer the plan as filed 11 U.S.C. 1302(b)(3).

15.

The Chapter 13 plan proposes to directly fund a debt owed to TitleMax, in violation of 11 U.S.C. Section 1322(a)(3) which requires the same treatment of all claims within a particular class. The proposed treatment may also violate the requirements of 11 U.S.C. Section 1325(a)(3).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 14th day of November, 2023.

Respectfully submitted,

/s/_____
Lisa B. Burnette
Attorney for the Chapter 13 Trustee
State Bar No. 096192

## CERTIFICATE OF SERVICE

Case No:  A23-59655-JWC

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

STEPHANIE RANA CARTER
2675 HARRISON MILL DR
DOUGLASVILLE, GA  30135

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

KING & KING LAW LLC

This the 14th day of November, 2023.

/s/_____
Lisa B. Burnette
Attorney for the Chapter 13 Trustee
State Bar No. 096192
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201